UNITED STATES v. KING.

(District Court, E. D. Wisconsin. June 25, 1897.)

OFFENSE COMMITTED BY ONE INDIAN AGAINST ANOTHER — JURISDICTION OF UNITED STATES COURT.

The offense of assault with intent to commit rape, committed by an Indian upon an Indian woman, both residing upon an Indian reservation, is not cognizable as a crime by any statute of the United States, and United States courts have no jurisdiction of such offense.

M. C. Phillips, for the United States.
Geo. E. Williams, for defendant.

SEAMAN, District Judge. The defendant stands convicted under an indictment for assault with intent to commit rape. Both the accused and the assaulted woman are Oneida Indians, under charge of an Indian agent, and residing on the Oneida reservation, where the alleged assault was committed. Motion is made in arrest of judgment, and the only question presented is whether the offense is cognizable under the United States statutes. The power of congress to legislate in regard to crimes by or against the Indians as wards of the government is clearly settled by the decisions of the supreme court. U. S. v. Kagama, 118 U. S. 375, 6 Sup. Ct. 1109; U. S. v. Thomas, 151 U. S. 577, 14 Sup. Ct. 426. Is there any such legislation covering the offense alleged in this indictment? Prior to the act of March 3, 1885 (23 Stat. 362, 385, c. 341, § 9), it appears that congress had not undertaken to legislate respecting offenses committed by one Indian against the person or property of another, aside from special provisions contained in title 28, Rev. St., exceptional in their nature. U. S. v. Kagama, 118 U. S. 375, 377, 6 Sup. Ct. 1109. While section 2145 of that title provides that "the general laws of the United States as to the punishment of crimes committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country," section 2146 (as contained in the second edition of the Revised Statutes, pursuant to correction in the act of February 18, 1875) excludes from the operation of the previous section "crimes committed by one Indian against the person or property of another Indian." These provisions are clearly applicable here. Ex parte Crow Dog, 109 U. S. 556, 3 Sup. Ct. 396; In re Mayfield, 141 U. S. 107, 11 Sup. Ct. 939; Famous Smith v. U. S., 151 U. S. 50, 14 Sup. Ct. 234. The act of 1885, above referred to, provided for the punishment of Indians committing murder and other specified crimes, and gave cognizance to the United States courts when committed within the limits of a reservation in a state. This legislation was considered by the supreme court, and its constitutionality upheld, in U. S. v. Kagama, supra, and U. S. v. Thomas, supra; and, so far as jurisdiction is conferred by that act, it must be regarded as exclusive, and as modifying, to that extent at least, the ruling in State v. Doxtater, 47 Wis. 278, 2 N. W. 439. But the offense charged against this defendant is not provided for in this

enactment, nor in any United States statute. It is true that section 5391, Rev. St. U. S., adopts the laws of the respective states for offenses committed in places under the exclusive jurisdiction of the United States where punishment is not specially provided for by any law of the United States, but this section is expressly excluded from operation in this case by section 2146, above cited. Therefore the Wisconsin statute providing for such offenses cannot be invoked. As this court is wholly dependent upon statutes of the United States for its criminal jurisdiction, and cannot take cognizance of offenses which are declared such either at common law or by state statute, unless there is express adoption and direction by act of congress, I am constrained to hold that jurisdiction does not exist in this case. The motion must be granted, and the defendant discharged.