---

Ex parte HART.

(District Court, D. Oregon. November 18, 1907.)

No. 4,902.

INDIANS—CRIMINAL LAWS IN FORCE ON RESERVATION—CRIMES AGAINST ANOTHER INDIAN.

The provision of Rev. St. §§ 2145, 2146, as amended Feb. 18, 1875, c. 80, 18 Stat. 318, that the general laws of the United States relating to the punishment of crimes committed in any place within the sole and exclusive jurisdiction of the United States shall extend to the Indian country, with the reservation that they shall not apply to crimes committed by one Indian against the person or property of another Indian, are not affected by any subsequent legislation except by Act March 3, 1885, 23 Stat. 385, which makes certain enumerated crimes committed by an Indian against the person or property of another Indian within a territory, either within or without a reservation, subject to punishment in accordance with the laws of such territory. Act March 3, 1887, c. 397, § 4, 24 Stat. 635, which defines and prescribes the punishment for the crime of incest, is not therefore in force within an Indian reservation, where both parties to the alleged act are Indians and there is no law making such act a crime.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indians, § 63.]

Petition for Writ of Habeas Corpus.

James Cole, Asst. U. S. Atty.

John B. Moon and R. J. Slater, for petitioner.

WOLVERTON, District Judge. Dan Hart, the petitioner, is being held for the offense of incest committed with his daughter, both being Indians and settled upon the Umatilla Indian Reservation, in Oregon, under a warrant issued by a United States commissioner, and the hearing is upon an order to the marshal to show cause why the petitioner is so held. Hart is not an allottee.

By the statutes relating to Indians (section 2145, Rev. St.) it is provided that the general laws of the United States as to the punishment of crimes committed in any place within the sole and exclusive jurisdiction of the United States shall extend to the Indian country, "except as to crimes the punishment of which is expressly provided for in this title," namely, the title relating to Indians. A transposition of the clauses here is made for the purpose of perspicuity, and such is the rendition of the section as amended by the act of March 27, 1854, c. 26, 10 Stat. 270. The section as originally adopted, being section 25 of "An act to regulate trade and intercourse with the Indian tribes, and to preserve peace on the frontiers," read as follows:

"That so much of the laws of the United States as provides for the punishment of crimes committed within any place within the sole and exclusive jurisdiction of the United States, shall be in force in the Indian country: Provided, the same shall not extend to crimes committed by one Indian against the person or property of another Indian." Act June 30, 1834, c. 161, 4 Stat. 733.

Section 2146 of the Revised Statutes prescribes that:

"The preceding section shall not be construed to extend to crimes committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe," etc.

The subject-matter of this section is also comprised by the act of March 27, 1854, c. 26, 10 Stat. 270, but its present form is the result of the amendment of February 18, 1875. Act Feb. 18, 1875, c. 80, 18 Stat. 318.

The offense of which the petitioner stands accused is, or was, not provided for by the title relating to Indians. It is provided for, however, by section 4 of the act of March 3, 1887, c. 397, 24 Stat. 635 [U. S. Comp. St. 1901, p. 3635], being an act to amend an act entitled "An act to amend section 5352 of the Revised Statutes," etc. This latter section, in its original form, was first adopted July 1, 1862, under the title of "An act to punish and prevent the practice of polygamy in the territories of the United States and other places." Act July 1, 1862, c. 126, 12 Stat. 501. By the Indian appropriation act of March 3, 1885, c. 341, 23 Stat. 385, it was enacted by the clause known as section 9:

"That immediately upon and after the date of the passage of this act all Indians, committing against the person or property of another Indian or other person any of the following crimes, namely, murder, manslaughter," etc., "within any territory of the United States, and either within or without

an Indian reservation, shall be subject therefor to the laws of such territory relating to said crimes, and shall be tried therefor in the same courts and in the same manner and shall be subject to the same penalties as are all other persons charged with the commission of said crimes, respectively; and the said courts are hereby given jurisdiction in all such cases; and all such Indians committing any of the above crimes against the person or property of another Indian or other person within the boundaries of any state of the United States, and within the limits of any Indian reservation, shall be subject to the same laws, tried in the same courts and in the same manner, and subject to the same penalties as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States."

On April 5, 1866, Congress adopted an act providing for the punishment of the offense of forging any bond, public record, and the like. Act April 5, 1866, c. 24, 14 Stat. 12, 13. Section 2 thereof as thus adopted has become section 5391 of the Revised Statutes [U. S. Comp. St. 1901, p. 3651], which reads as follows:

"If any offense be committed in any place which has been or may hereafter be, ceded to and under the jurisdiction of the United States, which offense is not prohibited, or the punishment thereof is not specially provided for, by any law of the United States, such offense shall be liable to, and receive, the same punishment as the laws of the state in which such place is situated, now in force, provide for the like offense when committed within the jurisdiction of such state."

Later, to wit, on July 7, 1898, Congress adopted another act, for the protection of harbor defenses and fortifications from malicious injury, and by section 2 thereof provided:

"That when any offense is committed in any place, jurisdiction over which has been retained by the United States or ceded to it by a state, or which has been purchased with the consent of a state for the erection of a fort, magazine, arsenal, dockyard, or other needful building or structure, the punishment for which offense is not provided for by any law of the United States, the person committing such offense shall, upon conviction in a circuit or district court of the United States for the district in which the offense was committed, be liable to and receive the same punishment as the laws of the state in which such place is situated now provide for the like offense when committed within the jurisdiction of such state, and the said courts are hereby vested with jurisdiction for such purpose." Act July 7, 1898, c. 576, 30 Stat. 717 [U. S. Comp. St. 1901, p. 3652].

Thus it will be seen that, inclusive of the act of March 3, 1885, the general laws of the United States touching the punishment of crimes, etc., were extended to the Indian country, reserving, however, from the operation thereof crimes committed by one Indian against the person or property of another Indian. Then there are enumerated certain offenses, namely, murder, manslaughter, etc., committed by one Indian against the person or property of another or other persons, which are subjected to the same laws and made cognizable by the same courts, and in the same manner, and entailing the same penalties as apply to all other persons committing any of such offenses within the exclusive jurisdiction of the United States. The effect of the latter act, therefore, is to subject the Indians to the general laws, as it respects the specific offenses enumerated, applicable to the punishment of crimes committed in the Indian country.

Now, having in mind this review of the statutes, the contention of counsel representing the respective parties will be understood. The

defendant's counsel insists that the crime with which the petitioner is charged, and for the commission of which he is being held, is one that is prohibited and the punishment thereof provided for by the laws of the United States, and, being committed by one Indian against another and not included within the offenses enumerated in the act of March 3, 1885, it is not an offense for which the defendant is punishable in the federal courts. On the other hand, the deputy prosecuting attorney insists that, there being no exception contained in the act of July 7, 1898, relative to offenses committed by one Indian against another, and that being the later act, it was the intendment of Congress that Indian persons should not be exempt from the provisions thereof, and therefore, by reason of the omission of such exception, the act repeals by implication all provisions of any former act extending immunity to the Indians in the Indian country. The general laws of the United States as to the punishment of crimes committed in the Indian country cover and include the crime of incest, as defined by section 4 of the act of March 3, 1887, an Indian reservation being Indian country. United States v. Bridleman (D. C.) 7 Fed. 894; United States v. Martin (D. C.) 14 Fed. 817; United States v. Baum (C. C.) 74 Fed. 43. But by section 2146 this offense, being one of the crimes pertaining to the Indian country denounced by the general laws, and being committed by an Indian against an Indian, is excepted from the operation of those general laws. This seems clear. Nor do I think the act of March 3, 1887, by which the offense of incest was created, alters the result by reason of its more recent adoption. The act, looking in the retrospect, is one relating to polygamy and kindred offenses, which in reason was never intended to apply to the Indians in their relations among themselves; and therefore the idea of any repeal by implication in that relation must be excluded. Now, the offense of incest is not only one prohibited by a law of the United States, but its punishment is expressly prescribed. Section 5391 provides for the punishment of such offenses only as are not thus prohibited, or the punishment prescribed, where the laws of the state in which the offense may be committed denounce the offense or provide for its punishment. In such a case the offender would be punishable for the violation of a state law in the federal court, if the offense was committed within territory over which the United States had or retained jurisdiction, or within the Indian country. Section 2 of the act of July 7, 1898, covers the same subject-matter as section 5391, and there is but slight difference in practical operation and effect, if any. This section has omitted the condition, "which offense is not prohibited," but it contains the other condition, namely, the punishment whereof is not provided for. It might be that Congress has denounced a certain offense, but has not provided for its punishment. In that event, a punishment provided by the state for the same offense would be administered under section 5391. But the negation of prohibition stands in the alternative through the disjunctive "or" with negation of punishment provided for by the laws of the United States. When, therefore, section 2 declares that when any offense is committed in any place, the punishment for which is

not provided for by any law of the United States, it comprehends offenses created by Congress where no punishment is prescribed, as well as offenses created by state law, where none such is inhibited by Congress. So that the latter section is as comprehensive and far-reaching as the former, and is in practical effect the same legislation. The offense of incest is, therefore, excepted out of this statute, because, as it appears, it is not only defined, but the punishment thereof is prescribed, by a law of Congress.

This should be sufficient for a determination of the matter before me. But it is urged that section 2, being the later enactment, repeals by implication the exception made by the provision in the previous acts, above stated, relating to offenses committed by one Indian against another. I am unable to see how this legislation affects that in any way. If it has the effect claimed for it, then all Indians settled upon reservations, whether they have been awarded allotments or not, are subjected to all laws of the United States relating to crimes and their punishment affecting the Indian country, and the operation of section 2146 is wholly annulled, and the act of March 3, 1885, becomes practically useless legislation. It does not impress me that Congress intended any such far-reaching effect. The legislation arose concerning an entirely different subject-matter, and was probably designed more particularly for making applicable the later state laws providing for the punishment of offenses over which the federal courts were thus and by section 5391 accorded jurisdiction. In an analogous case, it has been decided that section 5391 is expressly excluded from operation by section 2146. United States v. King (D. C.) 81 Fed. 625. If that section is so excluded, this one, by reason of its almost identical provisions, is also excluded.

The statutes alluded to in the brief of the deputy district attorney relating to the disposal of intoxicants to Indians or upon reservations are legislation concerning a particular subject, and were intended to apply to Indians as well as other persons, and can have no potency in the solution of the present cause.

These considerations lead to a discharge of the petitioner, and it is so ordered.