## UNITED STATES *v.* QUIVER.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH DAKOTA.

No. 682. Submitted April 28, 1916.—Decided June 12, 1916.

The policy reflected by the legislation of Congress and its administration for many years is that the relations of the Indians among themselves are to be controlled by the customs and laws of the tribe, save when Congress expressly or clearly directs otherwise.

Section 316 of the Penal Code does not embrace the offense of adultery committed by one Indian with another Indian on an Indian reservation.

THE facts, which involve the construction and application of certain provisions of the act of March 3, 1887, and § 316, Penal Code, are stated in the opinion.

*Mr. Assistant Attorney General Warren* for the United States:

The United States District Court for the District of South Dakota has jurisdiction of a prosecution for the offense of adultery committed by Indians upon an Indian reservation (formerly a portion of the "Great Sioux" Reservation) located within the boundaries of the State and district.

Rev. Stat., § 2145, is still in force and not repealed by § 328, Fed. Penal Code, and gives to the Federal courts jurisdiction to try all crimes committed in Indian country except such specific crimes and class of crimes as are expressly excepted in said section and in § 2146.

Adultery is not an offense against the person or property of any person, and is not included within the provision excepting from the operation of Rev. Stat., § 2145, offenses by one Indian against the person or property

of another Indian. Jurisdiction over the adultery com-
mitted in the Indian country in the case at bar, therefore,
vested in the Federal court under Rev. Stat., § 2145.

The enactment of the statutes incorporated in §§ 328,
329, Criminal Code, neither expressly nor impliedly re-
pealed or superseded the provisions of § 2145, Rev. Stat.

The Enabling Act of the State of South Dakota in no-
wise supersedes Rev. Stat., § 2145, so far as offenses com-
mitted by Indians upon Indian reservations within that
State are involved, and § 329, Penal Code, was enacted
in order to broaden the scope of jurisdiction of the United
States District Court for the District of South Dakota
and not to repeal the jurisdiction it already had under
Rev. Stat., § 2145.

The offense of adultery is sufficiently defined in § 316,
Criminal Code, upon which the indictment is based.
Numerous authorities sustain these contentions.

*Mr. A. G. Granger* and *Mr. Geo. A. Jeffers* for defend-
ant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of
the court.

This is a prosecution for adultery committed on one of
the Sioux Indian Reservations in the State of South
Dakota. Both participants in the act were Indians belong-
ing to that reservation. The statute upon which the
prosecution is founded was originally adopted as part of
the act of March 3, 1887, c. 397, 24 Stat. 635, and is now
§ 316 of the Penal Code. The section makes no mention
of Indians, and the question for decision is, whether it
embraces adultery committed by one Indian with another
Indian on an Indian reservation. The District Court
answered the question in the negative.

At an early period it became the settled policy of Con-

gress to permit the personal and domestic relations of the
Indians with each other to be regulated, and offenses by
one Indian against the person or property of another
Indian to be dealt with, according to their tribal customs
and laws. Thus the Indian Intercourse Acts of May 19,
1796, c. 30, 1 Stat. 469, and of March, 1802, c. 13, 2 Stat.
139, provided for the punishment of various offenses by
white persons against Indians and by Indians against
white persons, but left untouched those by Indians against
each other; and the act of June 30, 1834, c. 161, § 25, 4
Stat. 729, 733, while providing that "so much of the laws
of the United States as provides for the punishment of
crimes committed within any place within the sole and
exclusive jurisdiction of the United States shall be in
force in the Indian country", qualified its action by saying,
"the same shall not extend to crimes committed by one
Indian against the person or property of another Indian."
That provision with its qualification was later carried into
the Revised Statutes as §§ 2145 and 2146. This was the
situation when this court, in *Ex parte Crow Dog*, 109 U. S.
556, held that the murder of an Indian by another Indian
on an Indian reservation was not punishable under the
laws of the United States and could be dealt with only
according to the laws of the tribe. The first change came
when, by the act of March 3, 1885, c. 341, § 9, 23 Stat.
362, 385, now § 328 of the Penal Code, Congress provided
for the punishment of murder, manslaughter, rape, assault
with intent to kill, assault with a dangerous weapon, arson,
burglary and larceny when committed by one Indian
against the person or property of another Indian. In other
respects the policy remained as before. After South
Dakota became a State, Congress, acting upon a partial
cession of jurisdiction by that State, c. 106, Laws 1901,
provided by the act of February 2, 1903, c. 351, 32 Stat.
793, now § 329 of the Penal Code, for the punishment of
the particular offenses named in the act of 1885 when

committed on the Indian reservations in that State, even though committed by others than Indians, but this is without bearing here, for it left the situation in respect of offenses by one Indian against the person or property of another Indian as it was after the act of 1885.

We have now referred to all the statutes. There is none dealing with bigamy, polygamy, incest, adultery or fornication, which in terms refers to Indians, these matters always having been left to the tribal customs and laws and to such preventive and corrective measures as reasonably could be taken by the administrative officers.

But counsel for the Government invite attention to the letter of the statute and urge that adultery is not an offense "by one Indian against the person or property of another Indian", and therefore is not within the exception in § 2146 of the Revised Statutes. It is true that adultery is a voluntary act on the part of both participants and strictly speaking not an offense against the person of either. But are the words of the exception to be taken so strictly? Murder and manslaughter are concededly offenses against the person and much more serious than is adultery. Was it intended that a prosecution should lie for adultery but not for murder or manslaughter? Rape also is concededly an offense against the person and is generally regarded as among the most heinous, so much so that death is often prescribed as the punishment. Was it intended that a prosecution should lie for adultery where the woman's participation is voluntary, but not for rape where she is subjected to the same act forcibly and against her will? Is it not obvious that the words of the exception are used in a sense which is more consonant with reason? And are they not intended to be in accord with the policy reflected by the legislation of Congress and its administration for many years, that the relations of the Indians, among themselves—the conduct of one toward another—is to be controlled by the customs and laws of

the tribe, save when Congress expressly or clearly directs otherwise? In our opinion this is the true view. The other would subject them not only to the statute relating to adultery, but also to many others which it seems most reasonable to believe were not intended by Congress to be applied to them. One of these prohibits marriage between persons related within and not including the fourth degree of consanguinity computed according to the rules of the civil law and affixes a punishment of not more than fifteen years' imprisonment for each violator. To justify a court in holding that these laws are to be applied to Indians, there should be some clear provision to that effect. Certainly that is not so now. Besides, the enumeration in the acts of 1885 and 1903, now §§ 328 and 329 of the Penal Code, of certain offenses as applicable to Indians in the reservations carries with it some implication of a purpose to exclude others.

*Judgment affirmed.*