LEWELLYN, Former Collector of Internal Revenue, v. COLONIAL TRUST CO.*

HEINER, Collector of Internal Revenue, v. SAME.

(Circuit Court of Appeals, Third Circuit. January 11, 1927.)

Nos. 3478, 3479.

1. Internal revenue ⟨⟩7(3)—Tax on income of oil creates burden on Indian tribe, leasing land for oil purposes; "tax on land"; "land."

Tax on income of oil is "tax on land," and creates burden on Indian tribe, leasing land for oil purposes, since oil in place was land.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Land.]

2. Internal revenue ⟨⟩7(3)—Osage Indians, at time of passage of Income Tax Act, were wards of government.

At date of passage of Income Tax Act, the Osage Indians were regarded by the United States as wards under its guardianship, and their property under its control and management.

3. Internal revenue ⟨⟩2(3)—Legislation imposing taxation on government's ward must be certain.

Any legislation by government imposing taxation on its dependent ward must be in certain and indubitable terms.

4. Internal revenue ⟨⟩7(3)—General terms of income tax statute should not be construed to embrace government's Indian wards.

Government's purpose to impose tax on its Indian wards will not be implied, and general terms of income tax should not be construed to embrace such wards.

*Certiorari granted 47 S. Ct. —, 71 L. Ed. —.

**5. Indians ⊜⟶5—General acts do not apply to Indians, unless intention is clearly manifested.**

General acts of Congress do not apply to Indians, unless so worded that they clearly manifest intention to include them in their operation.

In Error to the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Separate actions by the Colonial Trust Company, executor of Glenn T. Braden, deceased, against C. G. Lewellyn, former Collector of Internal Revenue, and against D. B. Heiner, Collector of Internal Revenue. Judgments for plaintiff (12 F.[2d] 481), and defendants separately bring error. Affirmed.

John D. Meyer, U. S. Atty., of Pittsburgh, Pa., A. J. Ward, of Washington, D. C., W. J. Aiken, Asst. U. S. Atty., of Pittsburgh, Pa., and A. W. Gregg, of Washington, D. C., for plaintiffs in error.

M. W. Acheson, Jr., of Pittsburgh, Pa., R. C. Allen and Allen, Underwood & Smith, all of Tulsa, Okl., and Sterrett & Acheson, of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. These cases involve the question, not whether Congress has the power to tax income arising from lands of the Osage Indians, but whether it has exercised that power in the passage of the income tax law. These cases arise under the following facts: By due and joint action of the Tribal Council and the United States authorities, an oil lease on royalty was granted to Glenn T. Braden, the decedent, on certain Osage Indian tribal lands. In pursuance thereof he drilled wells and produced large quantities of oil. Upon his income, so accruing, the government assessed the tax, which his executor paid under protest and thereafter sued the government to recover back. Such recovery was had, whereupon the collector and the former collector took these appeals.

After due consideration had, we find no error in the lower court's action, and its judgments are affirmed. The question involved is one of such far-reaching importance as to warrant this court in preparing the full opinion it had intended doing, but a restudy of the opinion delivered by the judge below satisfied us that it is so comprehensive, convincing, and illustrative of our view that we adopt it as the opinion of this court, and restrict ourselves to summarizing the conclusion reached by ourselves and on which we had purposed to vindicate our action.

[1] First. The oil in place was land. Marshall v. Mellon, 179 Pa. 371, 36 A. 201, 35 L. R. A. 816, 57 Am. St. Rep. 601. A tax on the income of that oil was a tax on land, and pro tanto a burden on the tribe in leasing its land for oil purposes. Gillespie v. Oklahoma, 257 U. S. 501, 42 S. Ct. 171, 66 L. Ed. 338, where it is said: "A tax upon such profits is a direct hamper upon the effort of the United States to make the best terms that it can for its wards."

[2] Second. That at the date of the passage of the Income Tax Act the Osage Indians did not stand in the same relation to the United States as its citizens, but were by the United States regarded as wards under its guardianship, and their property under its control and management. Elk v. Wilkins, 112 U. S. 94, 5 S. Ct. 41, 28 L. Ed. 643, where it is said, "They were in a dependent condition, a state of pupilage, resembling that of a ward to his guardian;" Winton v. Amos, 255 U. S. 373, 41 S. Ct. 342, 65 L. Ed. 684, where it is said: "It is thoroughly established that Congress had plenary authority over the Indians and all their tribal relations, and full power to legislate concerning their tribal property. The guardianship arises from their condition of tutelage or dependency."

[3] Third. That as legislation imposing taxation by government on citizens must be clear and free from doubts, and all doubts therein must be resolved in favor of the citizen (Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211; United States v. Field, 255 U. S. 257, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461), any legislation by government imposing taxation on its dependent ward must be in certain and indubitable terms (Choate v. Trapp, 224 U. S. 665, 32 S. Ct. 565, 56 L. Ed. 941).

[4] Fourth. That, in the absence of any expressed purpose of Congress to change the uniform and unbroken policy of the government to regard and deal with the Indian tribes as wards and dependents, the purpose and intent of Congress to change that policy, and impose a tax by government on its wards, will not be implied, and the general terms of the income tax statute should not be construed to embrace the Indian wards of the government. In support of this reference is made to the Quapaw Indians, 34 Ops. Atty. Gen. 439, where it is said, "In other words, it is not lightly to be assumed that Congress intended to tax the ward for the

benefit of the guardian;" and Choate v. Trapp, supra, where it is said, "The construction, instead of being strict, is liberal; doubtful expressions, instead of being resolved in favor of the United States, are to be resolved in favor of a weak and defenseless people, who are wards of the nation, and dependent wholly upon its protection and good faith."

[5] A conclusion in line with United States v. Rickert, 188 U. S. 432, 23 S. Ct. 478, 47 L. Ed. 532, and Elk v. Wilkins, 112 U. S. 94, 5 S. Ct. 41, 28 L. Ed. 643, where it is held: That general acts of Congress do not apply to Indians unless so worded that they clearly manifest an intention to include them in their operation.

The judgments of the District Court are affirmed.