## BAILEY et al. v. UNITED STATES.

### No. 6331.

Circuit Court of Appeals, Ninth Circuit.

Feb. 24, 1931.

Thos. J. Elliott and Herbert F. Krucker, both of Tucson, Ariz., for appellants.

John C. Gung'l, U. S. Atty., and B. G. Thompson and Norman S. Hull, Asst. U. S. Attys., all of Tucson, Ariz.

Before RUDKIN and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

The appellants were convicted upon a charge of smuggling thirty-two head of cattle from Mexico into the United States in violation of 19 USCA § 497. The appellants are Indians belonging to the Papago Tribe, living upon the Indian reservation reserved for that tribe in Southern Arizona, bounded on the south by the line between the United States and Mexico. The cattle were purchased in Mexico and driven across the international boundary line into the Indian reservation where they were at the time of their seizure by the customs officials of the United States. It is contended by the appellants that the appellants, being Indians residing on an Indian reservation, are not subject to

the general laws of the United States with relation to smuggling, and consequently were improperly convicted. In support of this contention they cite numerous decisions by the federal courts in which the historical relation of Indian tribes to the federal and state governments has been dealt with. For instance, it is stated in United States v. Rickert, 188 U. S. 432, 23 S. Ct. 478, 47 L. Ed. 532, that "general acts of Congress do not apply to Indians unless so worded that they clearly manifest an intention to include them in their operation." See, also, to the same effect, McCandless v. United States ex rel. Diabo (C. C. A.) 25 F.(2d) 71. In view of our conclusion we think it will be unnecessary to discuss at length the rather involved relation of Indians and Indian tribes to the United States involving, as such a discussion must, treaties, legislation, and litigation throughout the entire history of the nation. Upon that subject we cite without further comment cases relied upon by the appellants which we have carefully examined. U. S. v. Quiver, 241 U. S. 602, 36 S. Ct. 699, 60 L. Ed. 1196; Elk v. Wilkins, 112 U. S. 94, 5 S. Ct. 41, 28 L. Ed. 643; Colonial Trust Co. v. Lewellyn (C. C. A.) 17 F.(2d) 36; McCandless v. U. S. (C. C. A.) 25 F.(2d) 71, supra; U. S. ex rel. Lynn v. Hamilton (D. C.) 233 F. 685; U. S. v. Holliday, 3 Wall. 407, 18 L. Ed. 182; U. S. v. Miller (D. C.) 105 F. 944; In re Blackbird (D. C.) 109 F. 139; U. S. v. King (D. C.) 81 F. 625; U. S. v. Cardish et al. (D. C.) 143 F. 640, 641; Ex parte Hart (D. C.) 157 F. 130, 134; Ex parte Crow Dog, 109 U. S. 556, 3 S. Ct. 396, 27 L. Ed. 1030; In re Wilson, 140 U. S. 575, 579, 11 S. Ct. 870, 35 L. Ed. 513; U. S. v. Lewis (D. C.) 253 F. 469.

■ A general statement of the relation of the federal and state governments with the Indians is contained in an excellent statement by the Attorney General of the state of New York in United States v. Hamilton (D. C.) 233 F. 685, 688. The historical relationship of the Indians to the government of the United States is dealt with exhaustively in United States v. Quiver, 241 U. S. 602, 603, 36 S. Ct. 699, 60 L. Ed. 1196; also in Elk v. Wilkins, 112 U. S. 94, 99–102, 5 S. Ct. 41, 28 L. Ed. 643. Suffice it to say that the general effect of these decisions is that Congress has the exclusive jurisdiction and authority to determine the status of Indians residing upon an Indian reservation and to define the crimes which may be committed therein and determine the punishment therefor. Pursuant to this power and authority Congress, as

early as 1834 (4 Stat. 733, § 25), enacted a law which was subsequently incorporated in Revised Statutes, § 2145, as now found in 25 USCA § 217, as follows: "Except as to crimes the punishment of which is expressly provided for in this title, the general laws of the United States as to the punishment of crimes committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country."

The next section (25 USCA § 218), originally found in the statute of March 27, 1854, 10 Stat. 270, § 3, amended Feb. 18, 1875, § 1, 18 Stat. 318, Rev. St. § 2146, provides as follows: "The preceding section shall not be construed to extend to crimes committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively."

■ It is not contended that the offense of smuggling comes within any of the exceptions contained in section 218, supra. Title 18 USCA § 548, with relation to Indians, also deals with the question of offenses committed by Indians. This section was originally enacted in 1885 (23 Stat. 385, c. 341, § 9, as amended January 15, 1897, 29 Stat. 487, c. 29, § 5, and again amended March 4, 1909, 35 Stat. 1151, c. 321, § 328). Without quoting this section at length it is sufficient for our purposes to say that it provides for the punishment of murder, manslaughter, rape, assault with intent to kill, assault with deadly weapon, arson, burglary, and larceny, committed by an Indian upon another Indian or other person. Appellants claim that, inasmuch as 18 USCA § 548 specifically names certain offenses, it follows that other offenses not named are not punishable when committed by Indians upon their reservation. This contention entirely ignores the provisions of section 217, supra (Rev. St. 2145), which expressly makes the laws of the United States as to punishment of crimes applicable to the Indian country, and that the offense charged against the appellants is not within the exception of section 218, supra (Rev. St. 2146). Section 218, by providing that certain crimes committed by an Indian shall not be deemed to be included in section 217, makes it clear that in the extension of the criminal laws of the United States to the Indian country it is intended by Congress to make such laws ap-

plicable to the Indians residing thereon.

Congress having made the general laws of the United States applicable to Indians residing in Indian territory, and the appellants not being within any exception provided by Congress, they are subject to such legislation.

When the cattle were brought into the United States without the payment of duty, the offense was complete, and the fact that the cattle remained within the limits of the Indian reservation is immaterial because such reservation is clearly within the limits of the United States. United States v. Kagama, 118 U. S. 375, 6 S. Ct. 1109, 30 L. Ed. 228.

Judgment affirmed.