## UNITED STATES ex rel. PARKER
### v. RAGEN.
### No. 9496.

Circuit Court of Appeals, Seventh Circuit.

May 7, 1948.

George F. Barrett, Atty. Gen., of State of Ill., and William C. Wines, Asst. Atty. Gen., of State of Ill. (Raymond S. Sarnow and James C. Murray, Asst. Attys. Gen., of Ill., of counsel), for appellant.

Elbridge Bancroft Pierce, of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

We have for answer first the question of whether a writ of habeas corpus shall issue to try and determine the validity of one sentence of life imprisonment for armed robbery while the petitioner is serving at the same time another sentence of one year to life imprisonment for a like offense, which sentence is admittedly valid. Secondly, if the writ may issue, has the petitioner been denied due process under the Fourteenth Amendment in the trial and conviction for the second offense?

Petitioner was convicted February 14, 1919, of armed robbery in the Criminal Court of Cook County, Illinois, and sentenced to the penitentiary for the term of one year to life. He was paroled on June 5, 1933. July 23, 1933, he was arrested and held on a charge of armed robbery. On July 27, 1933, the Parole Board of Illinois found that the petitioner was a parole violator and entered an order for his arrest and return to custody. Petitioner was indicted August 4, 1933, for the second offense. According to a brief filed by petitioner in support of a writ of error to the Criminal Court of Cook County, Illinois, exhibited herein, the petitioner stated that he had appeared in court on August 11, 18, and 22, 1933, with counsel of his own choosing. It does not appear who that counsel was, but on August 22 the trial court stated that the record showed the public defender appeared for the petitioner and two others jointly indicted with him for armed robbery, and on that date, a firm of lawyers came into court and claimed to represent the petitioner. They asked that the case be continued as they were engaged in the trial of a murder case and could not be present. The court, after much discussion back and forth, refused to continue the case, and the firm withdrew. As counsel for the petitioner the court thereupon appointed the public defender, a very able, reputable lawyer who was already representing petitioner's co-defendants. The case went to trial with the public defender as counsel for the petitioner, who made no objection thereto. On this trial, which was had on August 22, 1933, the petitioner was convicted of armed robbery, and on August 23, 1933, he was

sentenced to the penitentiary for life. It is from this second sentence that he prays to be discharged.

The District Court issued the writ of habeas corpus, tried the issue of constitutional violation, and ordered the petitioner discharged from imprisonment and detention under the latter sentence of August 23, 1933. But the District Court remanded him to the custody of the warden for detention under the first conviction of February 14, 1919, not here questioned. A certificate of probable cause was granted by the trial court, and from this judgment the State has appealed.

■ The habeas corpus statute provides: "The writ of habeas corpus shall in no case extend to a prisoner in jail unless where he is in custody * * * in violation of the Constitution * * *." 28 U. S.C.A. § 453. Let us assume, without deciding, that the second conviction was in denial of due process. If petitioner were held under that sentence alone, the writ should extend to him because he would be in custody in violation of the constitution. But he is also in custody under a sentence admittedly valid. The Supreme Court has said, "without restraint which is unlawful, the writ may not be used." McNally v. Hill, Warden, 293 U.S. 131, 138, 55 S.Ct. 24, 27, 79 L.Ed. 238. There is but one restraint in this case, although there is more than one basis for the restraint. The restraint is lawful although one of the reasons be unlawful. When the facts show lawful restraint, the writ will not search out and condemn one basis therefor which is unlawful but which in no manner affects the lawful restraint. As suggested by the Attorney General, the writ may not be used to obtain a declaratory judgment as to the validity of a sentence that in no way affects the lawful restraint. Until the invalidity of which petitioner complains becomes the basis of his restraint, his restraint may not be challenged as unlawful and the writ does not until then extend to him. Since the restraint was not unlawful, we hold that no cause for the issuance of the writ was shown.

The petitioner relies upon Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034.

In that case the second conviction was the basis for the restraint under the first conviction. If the second conviction was not good there was no basis for the restraint under the first conviction, as the one was dependent upon the other. In the instant case the validity of the restraint under the first conviction is in no manner dependent upon the validity of the second, and the restraint under the first is admittedly valid.

We do not reach the second question as to the denial of due process, because there is no unlawful restraint shown. Such restraint if unlawful may be reached only when the restraint under the valid sentence is ended.

The judgment of the District Court is reversed.