**Archie Louis GLOVER, Petitioner,**
v.
**UNITED STATES of America,
Respondent.**
**No. 1039.**

United States District Court
D. Montana,
Missoula Division.

June 10, 1963.

John D. French (appointed), Ronan, Mont., for petitioner.

Moody Brickett, U. S. Atty., for respondent.

MURRAY, Chief Judge.

By order dated May 15, 1963, this court authorized the petitioner Archie Louis Glover to proceed in forma pauperis with a motion for a Writ of Habeas Corpus, and appointed John D. French, an Attorney at Law of Ronan, Montana, to represent the said petitioner.

In his petition, petitioner alleges that he was taken into custody within the

exterior boundaries of the Confederated Salish and Kootenai Tribes of the Flathead Indian Reservation. The petition further alleges: "Defendant is incarcerated by Confederated Salish and Kootenai Tribes, Of The Flathead Indian Agency, Dixon, Montana, and was sentenced by, Tribal Judge, Honorable, Mrs. Josephine Neuman, for Driving While Intoxicated, sentence to (3) three months —($180.00) One hundred and eighty dollar fine, no Driver's License, sentence to ($12.50) twelve fifty fine, Petty Larceny, sentence to (6) six months— ($150.00) One hundred and fifty dollar fine, on the 3rd day of May, 1963. Sentences run Consectively."

As grounds for his petition for Writ of Habeas Corpus, he alleges that he had "positively no recourse to appeal to higher tribal court within the exterior boundaries of the Confederated Salish and Kootenai Tribes, of the Flathead Indian Reservation", and that he had "positively no proper legal counsel made available, therefore defendant's constitutional rights were denied by lack of legal counsel".

Appointed counsel, after investigating the case, advised the court that in his opinion the petition was without merit, and after reviewing the law, the court must agree with counsel's conclusion.

Petitioner is a member of the Confederated Salish and Kootenai Tribes of the Flathead Indian Reservation. He raises no question as to the existence of the Tribe, and his counsel acknowledges that the Tribe is a duly chartered and incorporated tribe under the provisions of the Wheeler-Howard Act of 1934 (48 Stat. 984; 25 U.S.C.A. §§ 476, 477), which has set up its own system of tribal courts and has adopted a penal code covering the offenses of which petitioner was convicted.

█ █ It has long been settled that, except where withdrawn by Congress in the exercise of its plenary powers over Indian affairs, jurisdiction of criminal offenses by Indians in the Indian country rests with the Indian Tribes. Ex parte Crow Dog, 109 U.S. 556, 3 S.Ct. 396, 27 L.Ed. 1030; Talton v. Mayes, 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196; Iron Crow v. Ogallala Sioux Tribe, 129 F.Supp. 15, D.C.W.D.S.D., affirmed 8 Cir., 231 F.2d 89; United States v. LaPlant, D.C.Mont., 156 F.Supp. 660. In 1885, Congress passed what has now become know as the Ten Major Crimes Act, which withdrew from Indian Tribes jurisdiction of certain crimes and vested jurisdiction of those crimes, when committed by an Indian in Indian country, exclusively in the federal courts. In re Carmen's Petition, D.C.N.D.Cal.S.D., 165 F.Supp. 942, affirmed Dickson v. Carmen, 9 Cir. 270 F.2d 809; Iron Crow v. Ogallala Sioux Tribe, supra; United States v. LaPlant, supra. The crimes now included in the Ten Major Crimes Act, of which the tribes are divested of jurisdiction and of which jurisdiction rests in the federal courts are murder, manslaughter, rape, incest, assault with intent to kill, assault with a dangerous weapon, arson, burglary, robbery and larceny. 18 U.S.C.A. §§ 1153, 3242. However, withdrawal of tribal jurisdiction as to these major crimes left tribal jurisdiction as to other crimes undisturbed. United States v. Quiver, 241 U.S. 602, 36 S.Ct. 699, 60 L.Ed. 1196; United States v. Jacobs, D.C.E.D.Wis., 113 F.Supp. 203; State v. McClure, 127 Mont. 534, 268 P.2d 629; Iron Crow v. Ogallala Sioux Tribe, supra; United States v. LaPlant, supra.

█ Therefore, it appears that as to at least two of the offenses with which petitioner was charged, i. e., driving while intoxicated and no driver's license, jurisdiction remains in the tribe, and the tribal court could properly exercise jurisdiction with reference to those offenses. As to the third offense for which petitioner was sentenced, petty larceny, it would seem that the tribal court would be without jurisdiction of that offense, if petty larceny is included within the meaning of the term "larceny" as used in Sections 1153 and 3242. However, this need not be decided now for reasons which will become apparent.

■ According to his petition, petitioner was sentenced May 3, 1963, to three months on the charge of driving while intoxicated. He alleges the sentences on the driving while intoxicated charge and the petty larceny charge were to run consecutively. Even if the petty larceny sentence were to be found invalid, petitioner would not be entitled to release if the driving while intoxicated sentence is valid because the sentence on that latter charge has not yet expired. Habeas Corpus will not lie to attack a sentence which has not yet begun to run. McNally v. Hill, 293 U.S. 131, 138, 55 S.Ct. 24, 79 L.Ed. 238; United States ex rel. Parker v. Ragan, C.A. 7, 167 F.2d 792. See also Heflin v. United States, 358 U.S. 415, 418, 79 S.Ct. 451, 3 L.Ed. 2d 407, and Miller v. United States, C.A. 9, 256 F.2d 901. Therefore, if petitioner's sentence for the offense of driving while intoxicated is valid, he is not entitled to the writ.

■■ Petitioner alleges he was denied his constitutional rights in the tribal court by reason of the denial of an appeal and the failure to make counsel available to him. Due process does not necessarily require an appeal (12 Am. Jur. "Constitutional Law" Sec. 638, p. 327, 328), but assuming that in given circumstances due process does require the right of appeal, the right to due process is protected by the Fifth and Fourteenth Amendments to the Constitution of the United States. The right to be represented by counsel is protected by the Sixth and Fourteenth Amendments. These amendments, however, protect these rights only as against action by the United States in the case of the Fifth and Sixth amendments, and as against action by the states in the case of the Fourteenth Amendment. Indian tribes are not states within the meaning of the Fourteenth Amendment.

It was decided at least as long ago as 1895 in Talton v. Mayes, 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196, that the provisions of the Fifth Amendment did not apply to prosecutions in tribal courts. Cohen's Handbook of Federal Indian Law, Fourth Printing, 1945, states at page 124:

"Where, however, the United States Constitution levies particular restraints upon federal courts or upon Congress, these restraints do not apply to the courts or legislatures of the Indian tribes. Likewise, particular restraints upon the states are inapplicable to Indian tribes."

Again at page 181 of the same work it is stated:

"Many important prohibitions, including the Bill of Rights of the Federal Constitution, are limitations only on the power of the Federal Government. Other provisions limit the activities of state governments only, or of the federal and state governments, and hence are inapplicable to Indian tribes, which are not creatures of either the federal or state governments.

The provisions of the Federal Constitution protecting personal liberty and property rights do not apply to tribal action. In Talton v. Mayes, the court held that the Fifth Amendment of the Federal Constitution, requiring indictment by a grand jury in most infamous crimes, does not apply to the acts of a tribal government."

Other cases holding that various of the amendments to the Constitution do not apply to tribal courts are United States v. Seneca Nation of New York Indians, D.C.W.D.N.Y., 1921, 274 F. 946; Martinez v. Southern Ute Tribe of Southern Ute Reservation, C.A. 10, 1957, 249 F.2d 915; Barta v. Oglala Sioux Tribe of Pine Ridge Reservation, C.A. 8, 1958, 259 F.2d 553; Native American Church v. Navajo Tribal Council, C.A. 10, 1959, 272 F.2d 131; Oliver v. Udall, 1962, 113 U.S.App.D.C. 212, 306 F.2d 819.

■ From these cases and authorities it is clear that the provisions of the Federal Constitution guaranteeing due process and the right to counsel do not apply in prosecutions in tribal courts.

■ Furthermore, whatever rights petitioner may have under the Tribal Constitution and laws must be enforced in the tribal courts. This latter observation is made in response to a letter mailed to the court by petitioner on May 23, 1963, in which he makes various other complaints concerning the method and manner of his trial and incarceration.

The petition for Writ of Habeas Corpus must be, and it is hereby denied.