STATE OF NORTH CAROLINA v. JOYCE CONSEEN DUGAN

No. 8030SC1052

(Filed 19 May 1981)

**Indians § 1— jurisdiction over traffic offense by Cherokee Indian**

The courts of this State have jurisdiction to try a Cherokee Indian for an alleged traffic offense which occurred on a highway within the boundaries of the Cherokee Indian Reservation.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 7 October 1980 in Superior Court, SWAIN County. Heard in the Court of Appeals 10 March 1981.

Defendant, who is one-half Cherokee Indian, was charged with driving 56 miles-per-hour in a 45 mile-per-hour zone on U.S. Highway 19 at a point within the boundaries of the Cherokee Indian Reservation. Her motion to dismiss for lack of jurisdiction was denied in both the district court and superior court. She has appealed from a fine imposed after she was convicted in superior court.

*Attorney General Edmisten, by Assistant Attorney General Jo Anne Sanford, for the State.*

*Holt, Haire and Bridgers, by Ben Oshel Bridgers, for defendant appellant.*

WEBB, Judge.

The defendant contends that the courts of this state do not have jurisdiction to try a Cherokee Indian for an alleged traffic offense which occurred on a highway within the boundaries of the Cherokee Indian Reservation. There have been many cases which have traced the history and defined the legal relationship of the Cherokee Indians to the State of North Carolina. *See Eastern Band of Cherokee Indians v. United States,* 117 U.S. 288, 6 S.Ct. 718, 29 L.Ed. 880 (1886); *Eastern Band of Cherokee Indians v. Lynch,* 632 F. 2d 373 (4th Cir. 1980); *United States v. Wright,* 53 F. 2d 300, *cert. denied,* 285 U.S. 539, 52 S.Ct. 312, 76 L.Ed. 932 (4th Cir. 1931); *Sasser v. Beck,* 40 N.C. App. 668, 253 S.E. 2d 577 (1979). These cases hold that the Eastern Band of Cherokee Indians is recognized by the federal government as an Indian tribe

and the land in Swain County upon which this traffic offense allegedly occurred, is a reservation for this tribe.

There are several cases which hold courts of the State of North Carolina have jurisdiction for the trial of crimes allegedly committed by Indians on the Cherokee Indian Reservation. *See United States v. Hornbuckle*, 422 F. 2d 391 (4th Cir. 1970); *In re McCoy*, 233 F. Supp. 409 (E.D.N.C. 1964); *State v. Wolf*, 145 N.C. 441, 59 S.E. 40 (1907); *State v. Ta-cha-na-tah*, 64 N.C. 614 (1870). The defendant contends the holdings in these cases are no longer valid in light of *United States v. John*, 437 U.S. 634, 98 S.Ct. 2541, 57 L.Ed. 2d 489 (1978) and *Eastern Band v. Lynch, supra. John* dealt with the prosecution of a Choctaw Indian under the Major Crimes Act, 18 U.S.C. § 1153. The Major Crimes Act provides for the prosecution of Indians in federal court for 14 enumerated crimes, not including traffic offenses, committed on Indian reservations. In *John* it was held that the Major Crimes Act gives exclusive jurisdiction to the federal courts for the crime for which John was charged. Unlike the defendant in the case sub judice, John was charged with one of the crimes listed in the Major Crimes Act. We do not believe the Major Crimes Act preempts North Carolina from jurisdiction to try a traffic offense. *Lynch* deals with the imposition of the state income tax and Swain County personal property taxes on Cherokee Indians living on the Cherokee Indian Reservation. The Fourth Circuit Court of Appeals held that Congress had the power to preempt the State of North Carolina and Swain County from imposing these taxes and the state and county had to show that Congress had not preempted them from imposing the taxes before they could be levied. The Court held that the state and county had not shown that Congress had not preempted them from levying these taxes. We believe Congressional intent not to preempt the State of North Carolina from enforcing its traffic laws by trying Cherokee Indians charged with speeding on the reservation is found in Congress's failure to adopt any preemptive legislation in light of the North Carolina and federal court cases holding the state has jurisdiction to try Indians for crimes committed on the reservation.

The defendant argues that North Carolina is preempted from trying her by the Assimilative Crimes Act, 18 U.S.C. § 13 which is made applicable to the states by the General Crimes Act, 18 U.S.C. § 1152, which provides:

Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States . . . shall extend to the Indian country.

This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

This section extends, with certain exceptions, the criminal law applying on federally controlled lands, such as military reservations, to Indian reservations. It does not in itself define any type of criminal behavior but the defendant argues that it makes traffic cases triable in federal court because of the Assimilative Crimes Act, 18 U.S.C. § 13, which provides:

Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

The United States Supreme Court held that the Assimilative Crimes Act is made applicable to Indian reservations through the General Crimes Act. *See Williams v. United States*, 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962 (1946). The defendant contends that the violation with which she is charged is made a federal crime by the Assimilative Crimes Act as made applicable to the Cherokee Reservation by the General Crimes Act. The defendant contends that since she could be tried for this crime in a federal court, the state is preempted from trying her.

The General Crimes Act does not apply to intra-Indian offenses. The United States Supreme Court has held it does not apply to crimes committed on Indian reservations between non-

Indians. *See Draper v. United States*, 164 U.S. 240, 17 S.Ct. 107, 41 L.Ed. 419 (1896); *United States v. McBratney*, 104 U.S. 621, 26 L.Ed. 869 (1882). The United States Supreme Court has also held that Indians cannot be tried in federal court for adultery under the General Crimes Act. *See United States v. Quiver*, 241 U.S. 602, 36 S.Ct. 699, 60 L.Ed. 1196 (1916); *In re Mayfield*, 141 U.S. 107, 11 S.Ct. 939, 35 L.Ed. 635 (1891). The holdings of these cases were based in part on the determination that adultery is a victimless crime. The speeding offense with which the defendant is charged is also a victimless crime. For this reason, we cannot say that a federal court would have jurisdiction to try the defendant in the case sub judice. For an analysis of this problem, *see* Clinton, *Criminal Jurisdiction Over Indian Lands: A Journey Through A Jurisdictional Maze*, 18 Ariz. L. Rev. 503, 529, 530 (1976).

For many years the courts of this state have exercised at least concurrent jurisdiction to try Cherokee Indians for certain crimes committed on the Cherokee Indian Reservation. *See* Clinton, *supra*, n. 248 at 551-552. Congress could have preempted the state of this jurisdiction, and it has not done so. We do not feel we should now hold the District and Superior Courts of Swain County did not have jurisdiction to try the defendant.

No error.

Judges HEDRICK and HILL concur.