**UNITED STATES of America, Appellee,**

v.

**Richard TRAVERSIE, Appellant.**

**No. 81–1393.**

United States Court of Appeals, Eighth Circuit.

Submitted July 20, 1981.

Decided July 24, 1981.

E. D. Mayer, Riter, Mayer, Hofer & Riter, Pierre, S. D., for appellant, Richard Traversie.

Terry L. Pechota, U. S. Atty., Sioux Falls, S. D., David L. Zuercher, Asst. U. S. Atty., Pierre, S. D., for appellee.

Before LAY, Chief Judge, STEPHENSON and ARNOLD, Circuit Judges.

PER CURIAM.

Richard Traversie was sentenced to a term of four years upon conviction of a felony by a South Dakota circuit court and confined to the state penitentiary in 1978. The state transferred Traversie to the Swift Bird Project, a minimum security facility located on the Cheyenne River Indian Reservation, on October 15, 1980. Traversie left the project on December 28, 1980, and was recaptured January 1, 1981, elsewhere on the reservation. He was indicted and convicted of escape in violation of the Assimilative Crimes Act (ACA), 18 U.S.C. § 13, 18 U.S.C. § 1152, and S.D. Compiled Laws Ann. § 22–11A–2, by the United States District Court for the District of South Dakota. Traversie appeals, arguing (1) jurisdiction will not lie under the ACA for the crime of escape, (2) his escape was an offense against the person or property of other Indians within the meaning of 18 U.S.C. § 1152 and, thus, not punishable under the ACA, or (3) his escape involves merely the relations of Indians among themselves to which the general laws of the United States should not apply, *United States v. Quiver*, 241 U.S. 602, 36 S.Ct. 699, 60 L.Ed. 1196 (1916).

We affirm the conviction on the basis of this court's decision in *United States v. Howard*, 654 F.2d 522 (8th Cir. 1981). We held that the federal escape statute does not preempt prosecution by the United States for escapes in violation of S.D. Compiled Laws Ann. § 22–11A–2, when the escape occurs in Indian Country. We also held that escape is an offense against the sovereign authority which designated the place of confinement. Here, Traversie was convicted for an offense against South Dakota, which designated his place of confinement; he was convicted neither for an offense

against Indians nor for one involving merely the relations of Indians among themselves. *Id.,* at 525.

Judgment Affirmed.