**LUMBER INDUSTRY PENSION FUND,**
Plaintiff–Appellant,

v.

**WARM SPRINGS FOREST PRODUCTS INDUSTRIES, Defendant–Appellee.**

No. 90–15309.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 1991.

Memorandum Filed June 19, 1991.

Order and Opinion Filed Aug. 1, 1991.

Robert A. Gordon, Pillsbury, Madison & Sutro, San Francisco, Cal., for plaintiff-appellant.

Howard G. Arnett, Marceau, Karnopp, Petersen, Noteboom & Hubel, Bend, Or., for defendant-appellee.

Before FARRIS and TROTT, Circuit Judges, and DUMBAULD,* District Judge.

## ORDER

The memorandum disposition filed June 19, 1991, is redesignated with slight modifications as an opinion authored by Judge Farris.

## OPINION

FARRIS, Circuit Judge:

Lumber Industry Pension Fund appeals the dismissal of its action to recover pension contributions from Warm Springs Forest Products Industries. 730 F.Supp. 324. The Fund argues that although Warm Springs is an Indian entity, the Employment Retirement Income Security Act and Labor Management Relations Act apply. We reverse.

Warm Springs Forest Products Industries is a tribally owned and operated sawmill located on the Warm Springs Indian Reservation. Up until June 30, 1988 the mill was a signatory to a collective bargaining agreement with the Lumber and Sawmill Workers Union. That agreement required the mill to make pension contributions on behalf of its employees to the Lumber Industry Pension Fund.

In December 1987, the mill stopped making contributions to the Fund on behalf of approximately ninety of its employees and began making contributions to the tribal pension plan. The Fund filed this action pursuant to ERISA, 29 U.S.C. §§ 1132 and 1145, and the LMRA, 29 U.S.C. § 185, seeking recovery of pension contributions for the period between December 1987 and June 30, 1988. The district court dismissed the complaint on the ground that ERISA and the LMRA do not apply.

---

* Honorable Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

We review *de novo* whether ERISA and LMRA apply to the mill. *See Confederated Tribes of Warm Springs Reservation v. Kurtz*, 691 F.2d 878, 880 (9th Cir.1982), *cert. denied*, 460 U.S. 1040, 103 S.Ct. 1433, 75 L.Ed.2d 792 (1983).

■■■ In general, in the absence of an expressed exemption for Indians, "a general statute in terms applying to all persons includes Indians and their property interests." *Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113, 1115–16 (9th Cir. 1985). However, a general statute that does not expressly apply to Indians will not apply if:

(1) the law touches "exclusive rights of self-governance in purely intramural matters"; (2) the application of the law to the tribe would "abrogate rights guaranteed by Indian treaties"; or (3) there is proof "by legislative history or some other means that Congress intended [the law] not to apply to Indians on their reservations...."

*Id.* at 1116.

■■■ ERISA is a statute of general applicability. *See* 29 U.S.C. § 1001. The mill is within ERISA's broad definition of employer. *See* 29 U.S.C. § 1002(5). However, Congress did not expressly state that ERISA applies to Indian tribes. If one of the exceptions listed above applies, ERISA does not apply to the mill.

The district court held that application of ERISA would interfere with exclusive rights of self-governance in a purely intramural matter and that the first exception therefore applied.

■■■ The district court's holding is erroneous. The self-government exception applies only where the tribe's decision-making power is usurped. *See United States v. Quiver*, 241 U.S. 602, 605, 36 S.Ct. 699, 700, 60 L.Ed. 1196 (1916); *Jones v. Meehan*, 175 U.S. 1, 29–30, 20 S.Ct. 1, 12, 44 L.Ed. 49 (1899); *Roff v. Burney*, 168 U.S. 218, 222–23, 18 S.Ct. 60, 62, 42 L.Ed. 442 (1897). Permitting the Fund to sue the mill under ERISA will subject the mill to possible liability for money damages, but will not usurp the tribe's decision-making power.

The tribe was free to form and operate a tribal pension plan, and the mill was free to transfer its employees to that plan at the end of the collective bargaining agreement term. But, by transferring its employees to the tribal plan before the bargaining agreement expired, the mill exposed itself to possible liability for unpaid contributions to the Fund. The mill is not protected from such liability under the self-government exception. *See Coeur d'Alene*, 751 F.2d at 1116 (control of all tribal business and commercial activity not within embrace of "tribal self-government"); *Kurtz*, 691 F.2d at 880 (tribal enterprise must pay federal tax).

■■■ The mill argues that, because a Tribal ordinance mandates that it transfer its tribal-member employees to the tribal pension plan, it cannot be compelled under ERISA to pay contributions to the Fund. It argues that ERISA must give way to the tribal ordinance. We reject the argument. Federal law does not give way to a tribal ordinance unless the federal law encroaches on exclusive rights of self-governance, abrogates treaty rights, or was intended by Congress not to apply to Indians. *See Duro v. Reina*, — U.S. ——, 110 S.Ct. 2053, 2063, 109 L.Ed.2d 693 (1990) (Indians like all other citizens share allegiance to overriding sovereign, United States); *Hoopa Valley Tribe v. Nevins*, 881 F.2d 657, 662 (9th Cir.) *cert. denied*, — U.S. ——, 110 S.Ct. 1523, 108 L.Ed.2d 763 (1989); *Coeur d'Alene*, 751 F.2d at 1116. ERISA does not encroach on the tribe's right of self-governance in passing or enforcing the ordinance. The ordinance requires that all retirement plans covering tribal member employees of tribal enterprises provide benefits at least as favorable as those of the tribal plan. Application of ERISA will not inhibit tribal employees of the mill from joining the tribal plan.

We hold further that application of ERISA is not barred under either the "treaty rights" exception, *see Kurtz*, 691 F.2d at 880 (application of federal tax law did not interfere with tribe's exclusive use of reservation), or the "congressional intent" exception, *see Smart v. State Farm Ins. Co.*,

868 F.2d 929, 935–36 (7th Cir.1989) (no evidence of congressional intent that ERISA is not applicable to Tribe employers and Indians).

Because we hold that ERISA applies to the mill and provides a basis for jurisdiction over the Fund's action, we need not reach the question of whether the LMRA applies.

REVERSED.