# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4392

_____

United States of America,      *
                           *

       Appellee,        *

                           *    Appeal from the United States

    v.                     *    District Court for the

                           *    District of South Dakota

Leonard David Yankton,      *

                           *

       Appellant.      *

_____

Submitted:  May 13, 1998

Filed:  February 23, 1999

_____

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
       LAUGHREY,[1] District Judge.

_____

McMILLIAN, Circuit Judge.

---

    [1]The Honorable Nanette K. Laughrey, United States District Judge for the
Western District of Missouri, sitting by designation.

Leonard David Yankton appeals from a final judgment in the United States District Court[2] for South Dakota, after he pled guilty to being an accessory after the fact to larceny, in violation of 18 U.S.C. § 3. The district court sentenced appellant to four (4) months imprisonment and one (1) year of supervised release, and assessed a fine of $100 and restitution of $7,151.68 to be paid in full during the period of supervised release.[3] For reversal, appellant argues (1) that the district court lacked jurisdiction over the offense to which he pled since it is not enumerated in 18 U.S.C. § 1153 and falls within the Indian-against-Indian exception of 18 U.S.C. § 1152; and (2) that economic hardship prevents appellant from complying with the terms of payment of restitution. For the reasons discussed below, and in light of our recent decision in United States v. Wadena, 152 F.3d 831 (8th Cir. 1998), we affirm the judgment of the district court.

## Background

The underlying facts of this case are not in dispute. On October 26, 1996, Jason Dorian Apple, an Indian, stole a 1991 pickup truck which belonged to Lonnie and Sandy Bettelyoun, both Indians, from their home, which is within the exterior boundaries of the Pine Ridge Indian Reservation. Apple drove the truck to Manderson, South Dakota, where he picked up appellant, an Indian. After Apple passed out, appellant drove the truck to Apple's house, dropped him off at home, picked up a third person, and drove toward Rapid City, South Dakota. After law enforcement officers attempted to stop him, appellant fled, drove the truck until it ran out of gas, and then pushed the truck into a ravine, causing substantial damage to the truck. Pursuant to a plea agreement, appellant pled guilty to the offense of being an

---

[2]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

[3]The fine was waived due to appellant's inability to pay, but the restitution was not altered.

accessory after the fact under 18 U.S.C. § 3.  As a condition of the plea agreement, appellant waived his right to appeal his conviction and sentence except for issues of jurisdiction or departure from the guideline sentence.

## Jurisdiction

Appellant first argues that the district court erred in determining that it had jurisdiction over the offense of being an accessory after the fact under the Indian Country Crimes Act, 18 U.S.C. § 1152, and/or the Major Crimes Act, 18 U.S.C. § 1153.[4] Appellant contends that the district court lacked jurisdiction under the Major Crimes Act, 18 U.S.C. § 1153, because his offense of conviction–18 U.S.C. § 3–is not a crime enumerated in that Act.  Furthermore, he argues that the district court lacked jurisdiction over the offense under § 1152 because it falls within the Indian-against-Indian exception of the Indian Country Crimes Act.

We recently reaffirmed our holding that federal laws of general application–those in which the situs of the crime is not an element–apply in Indian country, even to offenses committed by an Indian against the person or property of another Indian.  See United States v. Wadena, 152 F.3d at 841-42; see also United States v. Blue, 722 F.2d 383, 385 (8th Cir. 1983); Stone v. United States, 506 F.2d 561, 563 (8th Cir. 1974).  In Wadena, we explained that federal laws of general application are not encompassed within the Indian Country Crimes Act, and therefore are not subject to the Indian-against-Indian exception.  See 152 F.3d at 841.  Since the location of the crime is not an element of the offense of being an accessory after

---

[4]The Indian Country Crimes Act grants federal jurisdiction for offenses committed on federal enclaves, but exempts from federal jurisdiction crimes committed in Indian country by one Indian against the person or property of another. See 18 U.S.C. § 1152.  The Major Crimes Act grants federal jurisdiction for fourteen enumerated "major" crimes, such as murder, rape, and burglary, when committed by Indians against Indians in Indian country.  See 18 U.S.C. § 1153.

the fact under 18 U.S.C. § 3,[5] the district court properly exercised jurisdiction over appellant's case under 18 U.S.C. § 1152.  See id. at 841-42.

## Restitution

Appellant also appeals the district court's order regarding restitution. Appellant maintains that the requirement that he pay restitution of $7,151.68 within the one year period of supervised release is economically impossible since he earns only $6.00 per hour and must devote the majority of his wages to living expenses. Although we sympathize with appellant's dilemma, we are constrained by the fact that appellant waived the right to appeal the amount and terms of restitution in his plea agreement. See Transcript of Plea Hearing at 3-4 (Sept. 8, 1997).  In addition, the record shows that appellant raised no objection to the restitution amount or time table at the sentencing hearing. See Transcript of Sentencing at 3-4 & 13 (Dec. 1, 1997).[6]

For the reasons outlined above, we affirm the judgment of the district court. See 8th Cir. Rule 47B.

---

[5] 8 U.S.C. § 3 states: "Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact."

[6] The district court commented that it might extend the period of supervised release to accommodate appellant's economic difficulties.  See Transcript of Sentencing at 11 (Dec. 1, 1997).  If the extension of the period of release is barred by 18 U.S.C. § 3583(e)(3) as appellant claims, the district court might consider imposing consecutive periods of supervised release until appellant has been able to pay the restitution order in full.  We note that 18 U.S.C. § 3583(e)(2) grants the district court flexibility to modify or reduce the terms of the supervised release at any time prior to the expiration of the period of supervised release.

A true copy.

Attest:

U.S. COURT OF APPEALS, EIGHTH CIRCUIT.