**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEVEN DOBBS; NAOMI DOBBS,

      Plaintiffs - Appellants,

      v.

ANTHEM BLUE CROSS & BLUE
SHIELD, a Colorado Insurance Company,

      Defendant - Appellee.

No. 05-1319

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D. Ct. No. 04-CV-2283 LTB)**

---

Shawn D. Mitchell, Broomfield, Colorado, appearing for Appellants.

John R. Mann (Dean A. McConnell and Tatiana Taylor, on the briefs), Kennedy Childs &
Fogg, P.C., Denver, Colorado, appearing for Appellee.

---

Before **TACHA**, Chief Circuit Judge, **McKAY**, and **HENRY**, Circuit Judges.

---

**TACHA**, Chief Circuit Judge.

Plaintiffs-Appellants Steven and Naomi Dobbs appeal from the District Court's

order dismissing their state-law claims against Defendant-Appellee Anthem Blue Cross

and Blue Shield ("Anthem"). We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and

we vacate the District Court's order and remand the case for further proceedings consistent with this opinion.

## I. BACKGROUND

Mr. and Mrs. Dobbs are beneficiaries of a group health insurance policy sold and underwritten by Anthem and purchased through Mr. Dobbs' employer, the Southern Ute Indian Tribe. They originally filed suit against Anthem in Colorado state court, asserting five state-law causes of action. Invoking federal question jurisdiction, 29 U.S.C. §§ 1331, 1441 & 1446, Anthem subsequently removed the case to federal district court on the ground that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, preempts the Dobbses' state-law claims.

After removal, Anthem requested that the District Court dismiss all claims based on ERISA preemption. *See* 29 U.S.C. § 1144. The Dobbses argued that ERISA does not preempt their state-law claims because the statute does not apply to employee benefit plans established or maintained by tribes for their employees. The District Court concluded that ERISA does apply to plans established or maintained by a tribe and therefore granted Anthem's motion in part, dismissing all but one of the Dobbses' claims. After Anthem moved for reconsideration of the court's refusal to dismiss the final claim, the court entered an order dismissing this claim as preempted by ERISA as well. The Dobbses now appeal the District Court's dismissal of all claims, arguing that their state-law claims against Anthem are not preempted by federal law.

## II. DISCUSSION

Whether federal law preempts the Dobbses' state-law claims is a question of law, which we review de novo. *Garley v. Sandia Corp.*, 236 F.3d 1200, 1206 (10th Cir. 2001); *see also Airparts Co. v. Custom Benefit Servs.*, 28 F.3d 1062, 1064 (10th Cir. 1994). In addition, we review de novo a district court's dismissal of a complaint for failure to state a legally cognizable claim under Fed. R. Civ. P. 12(b)(6). *Garley*, 236 F.3d at 1206.

The threshold question in this case is whether federal or state law applies to an employee benefit plan established and maintained by a tribe for the benefit of its employees. If federal law applies, the next question is whether it preempts the state-law causes of action in this case. 29 U.S.C. § 1144(a) (specifying that ERISA provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan").[1] We do not reach the second issue concerning preemption because we remand the case so that the District Court can consider the first question in light of a recent change in federal law.

In deciding that ERISA applies to employee benefit plans established by tribes, the district court reasoned that a plan established by a tribe is not exempt from ERISA coverage as a "governmental plan" under 29 U.S.C. § 1003(b)(1). Under § 1003(b)(1) and § 1144(a), ERISA's provisions do not preempt state laws that relate to governmental

---

[1]Neither party disputes the District Court's determination that the benefit plan at issue in this case meets ERISA's definition of an "employee welfare benefit plan" under 29 U.S.C. § 1002(1).

plans. At the time of the District Court's decision, the definition of governmental plan under ERISA included plans established or maintained by federal and state governments, but did not explicitly include tribal governments. ERISA, Pub. L. No. 93-406, § 3(32), 88 Stat. 829, 837 (1974) (current version at 29 U.S.C. § 1002(32)). In August 2006, after the District Court entered its order, Congress amended the definition of governmental plan under ERISA to include plans established and maintained by tribes. The amended definition expressly includes some benefit plans established and maintained by tribes:

> The term "governmental plan" includes a plan which is established and maintained by an Indian tribal government (as defined in section 7701(a)(40) of the Internal Revenue Code of 1986), a subdivision of an Indian tribal government (determined in accordance with section 7871(d) of such Code), or an agency or instrumentality of either, and all of the participants of which are employees of such entity substantially all of whose services as such an employee are in the performance of essential governmental functions but not in the performance of commercial activities (whether or not an essential government function).

Pension Protection Act of 2006, Pub. L. No. 109-280,§ 906(a)(2)(A), 120 Stat. 780 (codified as amended at 29 U.S.C. § 1002(32)).

The amendment's legislative history suggests that Congress expanded the definition to clarify the legal ambiguity regarding the status of employee benefit plans established and maintained by tribal governments. *See* 150 Cong. Rec. S9526, 9533 (describing the senate bill as a "bill to amend the Internal Revenue Code of 1986 and the Employee Retirement Income Security Act of 1974 to clarify that federally recognized Indian tribal governments are to be regulated under the same government employer rules

-4-

and procedures that apply to Federal, State, and other local government employers with regard to the establishment and maintenance of employee benefit plans"). Prior to the amendment, the Seventh and Ninth Circuits held that ERISA applies to plans established and maintained by tribes. *Lumber Indus. Pension Fund v. Warm Springs Forest Prods. Indus.*, 939 F.2d 683 (9th Cir. 1991); *Smart v. State Farm Ins. Co.*, 868 F.2d 929 (7th Cir. 1989). The new definition of governmental plan undercuts the courts' reasoning, but not necessarily their conclusions, in these two cases. Because the amended provision makes a distinction between "essential governmental functions" and "commercial activities," not all plans established and maintained by tribes will fall under the governmental plan exemption. The determination of whether a tribal plan qualifies as a governmental plan under § 1002(32) requires a fact-specific analysis of the plan at issue and the nature of its participants' activities.

Based on the Dobbses' complaint, we do not have enough information to determine whether the benefit plan meets the requirements of § 1002(32) and therefore remand the case to the District Court for consideration in light of the amended definition.[2] *See Petrini v. Howard*, 918 F.2d 1482, 1485 (10th Cir. 1990) (remanding case to district court for further proceedings under federal statute enacted while appeal was pending). If the Dobbses' benefit plan meets the new definition of governmental plan under

---

[2] We need not rule on the Dobbses' motion for leave to file a corrected reply brief. Although the Dobbses filed their motion and corrected reply brief after the change in law in August, the corrected brief contains the same legal arguments as the deficient brief filed in March. Consequently, the reply brief would not assist this panel in reaching a decision regarding the effect of the amended statute on the present case.

§ 1002(32), ERISA will not preempt their state-law causes of action against Anthem.

One final note to the parties: Congress passed the Pension Protection Act, which amended ERISA's governmental plan definition, while this appeal was pending, but before oral argument in this case. Although more than three months have passed since Congress passed the Act, neither party has filed a notice of supplemental authority under Fed. R. App. P. 28(j) to inform the panel of this change in law. Although notice is not required under Rule 28(j), good advocates nevertheless file such notice out of respect for this Court and a commitment to resolving disputes in an expeditious manner. Particularly when a legal development is controlling, as it is here, we admonish counsel to bring the relevant authority to the Court's attention.

## III. CONCLUSION

In light of the amended definition of "governmental plan" under ERISA, we VACATE the District Court's order and REMAND for further proceedings consistent with this opinion. Appellants' motion to file a corrected Reply Brief is granted.