**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

WILLIAM KENT CARPENTER, SR.,
aka B.K. Carpenter,

     Defendant - Appellant.

No. 05-8010
(D.C. No. 04-CR-110-D)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

---

William Carpenter pleaded guilty to possession with intent to distribute

methamphetamine and possession of a firearm in furtherance of a drug trafficking

crime. On direct appeal, his court-appointed attorney has filed an <u>Anders</u> brief

and a motion to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(1967). Mr. Carpenter has filed *pro se* briefs asking that his convictions be set aside due to ineffective assistance of counsel and making various other claims. We agree with counsel that there are no meritorious issues to be raised on appeal, grant counsel's motion to withdraw, and dismiss this appeal.

## I. BACKGROUND

Police procured a search warrant for the home of Mr. Carpenter, an American Indian enrolled in the Northern Arapaho tribe, based on evidence that he was selling methamphetamine from his home. In executing the search warrant, officers discovered 31.26 grams of methamphetamine, some of which was packaged for distribution, and a loaded .44 Magnum. Pursuant to a plea agreement, Mr. Carpenter pleaded guilty to possession with intent to distribute methamphetamine, a crime under 21 U.S.C. § 841(a)(1) & (b)(1)(C), and to possession of a firearm in relation to a drug trafficking crime, a crime under 18 U.S.C. § 924(c)(1)(A). The district court sentenced Mr. Carpenter to a term of 87 months' imprisonment — 60 months for the firearm count and 27 months for the drug count.

Mr. Carpenter sought to appeal. However, his attorney filed an <u>Anders</u> brief and moved to withdraw as counsel, stating that his client's grounds for appeal — that "[t]he United States of America does not have jurisdiction over a Native American engaging in conduct on Tribal lands" — is clearly without merit.

Mr. Carpenter thereafter filed two *pro se* briefs asking that his conviction be set aside for ineffective assistance of counsel and making various other claims.

## II. DISCUSSION

As stated in Anders v. California, if appointed counsel finds

[a defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. . . . A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned . . . .

Anders, 386 U.S. at 744. We therefore examine the grounds of appeal raised in both counsel's Anders brief and Mr. Carpenter's *pro se* briefs to determine whether this case should be dismissed and counsel allowed to withdraw.

### A. Jurisdiction over Native American conduct on tribal lands

Counsel's Anders brief only notes one ground for appealing: the claim that the United States lacks jurisdiction over conduct by Native Americans on tribal lands. We agree that this claim is meritless because general federal laws, such as the federal drug and firearm laws, apply to Native Americans on tribal land just as readily as to any other person. See United States v. Brisk, 171 F.3d 514, 520–21 & 522 n.6 (7th Cir. 1999) (citing cases); United States v. Blue, 722 F.2d 383, 386 (8th Cir. 1983) ("In limiting tribal punishment powers to relatively mild penalties,

Congress must have assumed that Indians on reservations would generally be subject . . . to federal criminal sanctions which apply to all persons.").

## B. Ineffective assistance of counsel

In his *pro se* briefs, Mr. Carpenter asserts multiple grounds for reversing his conviction due to ineffective assistance of counsel. Because Mr. Carpenter is proceeding *pro se*, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). We note, however, that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Bringing such claims on collateral review is preferable because it enables development of a factual record, allows the district court to address the question in the first instance, and permits counsel accused of deficient performance to explain their reasoning and actions. Id. Therefore, "[ineffective assistance] claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." Id. With these principles in mind, we address each of Mr. Carpenter's claims.

Mr. Carpenter's first claim is that his attorney was ineffective for not seeking to suppress evidence obtained from the search of Mr. Carpenter's residence. Mr. Carpenter asserts both that the affidavit in support of the search warrant was false and that the officers violated the "knock and announce" rule.

However, we agree with the government that this claim must be dismissed due to an inadequate record — because Mr. Carpenter pleaded guilty and did not seek to suppress the fruits of the search, there is no evidence in the record as to how the search warrant was executed or whether there was factual support for the affidavit and search warrant. If this claim is to be addressed at all, it must be on collateral review.

Mr. Carpenter also claims that his counsel was ineffective for failing to bring Apprendi v. New Jersey, 530 U.S. 466 (2000), to the district court's attention. Apprendi held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. However, Apprendi is irrelevant in this case because Mr. Carpenter was sentenced well below the 20-year statutory maximum for his drug offense, see 21 U.S.C. § 841(b)(1)(C), and at the statutory *minimum* for his firearm offense, see 18 U.S.C. § 924(c)(1)(A). Moreover, submission to a jury and proof beyond a reasonable doubt are *not* required for facts that are stipulated to in the guilty plea or admitted by the defendant. See United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 756 (2005). Because Mr. Carpenter's sentence was based entirely on facts admitted to in his plea agreement, there was no violation of Apprendi and failure to raise an Apprendi argument was not ineffective assistance.

Mr. Carpenter also claims that his counsel was ineffective for failing to argue that under <u>Bailey v. United States</u>, 516 U.S. 137 (1995), Mr. Carpenter should not have been charged with a firearm offense. <u>Bailey</u> held that to be convicted for "use" of a firearm under 18 U.S.C. § 924(c), a defendant had to have "actively employed" the firearm. 516 U.S. at 147. However, <u>Bailey</u> is inapplicable because Mr. Carpenter was convicted under the statute as amended after <u>Bailey</u>. As amended, § 924(c) allows conviction for "possess[ion]" of a firearm in furtherance of a drug crime, not just "use" of the firearm. <u>See</u> 18 U.S.C. § 924(c)(1)(A). Because Mr. Carpenter was convicted under the amended statute, failure to raise an argument under <u>Bailey</u> was not ineffective assistance.

Next, Mr. Carpenter argues that his counsel was ineffective for failing to challenge the presentence report's assessment of one criminal history point based on a 1994 DUI conviction. However, to show ineffective assistance, Mr. Carpenter must prove that he was prejudiced by the alleged error. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The assessment of one criminal history point put Mr. Carpenter in Criminal History Category I — the same category he would have been in if he had no criminal history points. <u>See</u> U.S. Sentencing Guidelines Manual § 5A (2003). He thus cannot show prejudice from the alleged error; thus, there was no ineffective assistance of counsel.

Mr. Carpenter also argues that his counsel was ineffective for failing to inform him that drugs for personal use could not be used in calculating his sentence for possession with intent to distribute methamphetamine. However, the rule is that although "drugs possessed for personal consumption cannot be considered when determining the statutory sentencing range pursuant to 21 U.S.C. § 841(b), . . . such drugs can be considered when determining the sentencing range under the more expansive Sentencing Guidelines." United States v. Asch, 207 F.3d 1238, 1240 (10th Cir. 2000). The amount of methamphetamine to which Mr. Carpenter stipulated (31.26 grams) was too small to raise the statutory sentencing range, see 21 U.S.C. § 841(b)(1); thus, he would have been in the same statutory sentencing range even if almost all of the 31.26 grams of methamphetamine was for personal use. This alleged error therefore did not prejudice Mr. Carpenter, and we reject his claim of ineffective assistance.

Finally, Mr. Carpenter claims that his counsel was ineffective for failure to keep him appraised of the facts of his case or give him copies of legal materials from the court. The Supreme Court has stated that "keep[ing] [a] defendant informed of important developments in the course of the prosecution" is one of counsel's "basic duties." Strickland, 466 U.S. at 688. However, we dismiss this claim due to an inadequate record — nothing in the record shows what counsel did or did not give Mr. Carpenter copies of, and counsel has not had a chance to

respond to Mr. Carpenter's claim. We therefore decline to address it on direct review. See Galloway, 56 F.3d at 1240.

## C. Other claims

Mr. Carpenter makes various other claims, all of which we find to be without merit. First, he alleges corruption by the tribal court judge who signed the search warrant for his residence. However, he does not explain how this corruption could have affected his guilty plea and/or his sentence; we therefore dismiss this claim.

Next, Mr. Carpenter cites to the Second Amendment right to bear arms, apparently arguing that his firearm conviction infringed upon this right. However, he waived any such claim by unconditionally pleading guilty to the firearm charge.[1]

Third, Mr. Carpenter claims that prosecution in both federal court and tribal court for drug counts arising out of the same activity violates his Fifth Amendment right to be free from double jeopardy. His guilty plea has waived this claim. In addition, because he asserts that the tribal drug counts "were stayed

---

[1]In addition, "we repeatedly have held that to prevail on a Second Amendment challenge, a party must show that possession of a firearm is in connection with participation in a 'well-regulated' 'state' 'militia.'" United States v. Parker, 362 F.3d 1279, 1283 (10th Cir.), cert. denied, 543 U.S. 874 (2004). Mr. Carpenter claims only that the firearm was for "protection of my family, home and property"; thus, he could not prevail on a Second Amendment claim even if not waived.

pending federal prosecution," his *federal* convictions cannot amount to double jeopardy since there has been no prior instance of jeopardy. Mr. Carpenter's claim thus does not cast doubt on the federal convictions we are reviewing here.

Fourth, Mr. Carpenter claims discrimination in the enforcement of the drug laws. Specifically, he claims that a certain "White man" arrested on the reservation for possession of drugs received a lesser sentence than Mr. Carpenter; he claims that he told his attorney about the disparity but that his attorney made no effort to present that information to the court. Similarly, Mr. Carpenter claims that the reservation police are prejudiced against him and that they have arrested him twenty-five times for over fifty charges that were eventually dismissed. Finally, Mr. Carpenter cites to the Fourteenth Amendment, apparently in connection with the police department's failure to properly address a claim of arson on his home and theft/vandalizing in his "auto-truck salvage yard" since his incarceration. To the extent that these claims do not relate to his current conviction, they are irrelevant to this appeal. To the extent that Mr. Carpenter makes a claim of ineffective assistance, there is an insufficient factual record for us to address that claim on direct appeal. See Galloway, 56 F.3d at 1240. And, to the extent that he claims arbitrary enforcement of the law or violation of the Fourteenth Amendment in this case, Mr. Carpenter waived those claims by pleading guilty. See United States v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003)

("[I]t is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses."). We thus dismiss all these claims.

Fifth, Mr. Carpenter claims that the United States has failed in its role as guardian of the American Indians. He claims that he had to use illegal drugs for pain relief since the United States failed to provide him adequate medical care. Similarly, he claims that the United States should have set up a drug court or narcotics program and that failure to do so was a failure of guardianship. We conclude that even if these claims had merit, Mr. Carpenter waived them by pleading guilty to the charges at issue in this case. See Salazar, 323 F.3d at 856.

Finally, Mr. Carpenter cites to numerous Tenth Circuit and Supreme Court cases. We have reviewed these cases and find nothing that would cast doubt on Mr. Carpenter's convictions or sentence.

### III. CONCLUSION

For the foregoing reasons, we find that Mr. Carpenter's appeal is wholly without merit, GRANT counsel's motion to withdraw, and DISMISS this appeal. We have received Mr. Carpenter's untimely motion for an extension of time in which to file a reply brief, but because that motion is substantially out of time, and given our disposition of this case, we DENY the motion.

ENTERED FOR THE COURT

- 10 -

David M. Ebel
Circuit Judge