FILED
United States Court of Appeals
Tenth Circuit

**January 10, 2008**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

No. 07-6061

SHAN GACHOT,

      Defendant-Appellant.

---

**Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. CR-06-178-01-RAW)**

---

Submitted on the briefs:[*]

Linda A. Epperley, Office of the United States Attorney, Muskogee, Oklahoma
for the Plaintiff–Appellee.

Robert W. Buchholz, Robert W. Buchholz, LLC, Addison, Texas for the
Defendant–Appellant.

---

Before **TACHA**, **MCKAY**, and **LUCERO**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

[*]At the parties' request, the case is unanimously ordered submitted without
oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).

Shan Gachot appeals his conviction following entry of a guilty plea to operating an illegal gambling business in violation of 18 U.S.C. § 1955. He contends that the district court lacked jurisdiction over two counts in an original indictment, later superceded by an information alleging a different crime. We consider two issues: May Gachot raise a jurisdictional challenge to the dismissed indictment, and did the district court have jurisdiction over the crime to which Gachot pleaded guilty. We conclude that the first issue is moot and that the second lacks merit. Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM** Gachot's conviction.

On August 1, 2006, a federal grand jury indicted Gachot, a member of the Kiowa Indian tribe, on three separate counts stemming from his involvement in the operation of a cockfighting facility within Indian Country land in Caddo County, Oklahoma. The first two counts of the indictment were based on Oklahoma state law, which criminalizes the keeping of a place of cockfighting, and servicing or facilitating a cockfight. See Okla. Stat. tit. 21, §§ 1692.3-1692.4. According to the indictment, the federal government asserted the authority to enforce these crimes in Indian Country via the Indian Country Crimes Act ("ICCA"), 18 U.S.C. §§ 1151 & 1152, and the Assimilative Crimes Act

("ACA"), 18 U.S.C. § 13.[1] The third count of the indictment was based solely on federal law and alleged that Gachot had sponsored or exhibited an animal in an animal fighting venture. See 7 U.S.C. § 2156.

After pleading not guilty to all counts, Gachot moved to dismiss the indictment for lack of jurisdiction. Citing the "Indian against Indian exception" to the ICCA, 18 U.S.C. § 1152, Gachot contended that the government cannot prosecute victimless crimes committed by Indians in Indian Country, and that the district court thus lacked jurisdiction. After a hearing on the issue, the district court rejected Gachot's argument and denied the motion to dismiss. Five days later, Gachot and the government reached a plea agreement. Pursuant to the agreement, the government dismissed the original indictment in exchange for Gachot's plea of guilty to a one count information alleging that he had operated an illegal gambling business in violation of 18 U.S.C. § 1955. Based on the plea agreement, the information was filed, Gachot pleaded guilty to the information, and the district court sentenced Gachot to one year of probation. Gachot brings this timely appeal.[2]

---

[1] The ICCA extends federal criminal law to Indian territories, and the ACA assimilates state criminal law into federal law for the purposes of federal enclaves and territories. See 18 U.S.C. §§ 13(a) & 1152.

[2] Gachot filed his notice of appeal on February 28, 2007, which was after the district court's announcement of the sentence but fifteen days before its entry of judgment. Despite his premature filing, however, we have jurisdiction to hear the case. See Fed. R. App. P. 4(b) ("A notice of appeal filed after the court announces a decision, sentence, or order—but before the entry of a judgment or

Gachot presents only one argument: The district court lacked jurisdiction over the original indictment. To this end, Gachot discusses at length the details and history of Indian sovereignty and the ICCA. He raises, however, no arguments directly related to the district court's jurisdiction pursuant to 18 U.S.C. § 1955, the statute under which he was actually convicted. Because the indictment that Gachot challenges was dismissed at the time Gachot entered his guilty plea, his arguments as to the original indictment are entirely moot.[3] See United States v. Powers, 168 F.3d 943, 948 (7th Cir. 1999) (refusing to consider arguments related to a superceded indictment); United States v. Reed, 167 F.3d 984, 994 (6th Cir. 1999) (holding that the dismissal of contested counts in an indictment mooted the defendants' challenges to them); cf. Menna v. New York, 423 U.S. 61, 63 (1975) ("Where the State is precluded . . . from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty.") (emphasis added).

---

order—is treated as filed on the date of and after the entry."); see also United States v. Green, 847 F.3d 622 (10th Cir. 1988) (en banc) (holding that a notice of appeal filed before final judgment was entered in a criminal case is sufficient to confer jurisdiction in this court).

[3] We do not decide here whether Gachot could have preserved his challenge to the district court's jurisdictional ruling by entering a conditional guilty plea pursuant to Fed. R. Crim. P. 11(a)(2).

We recognize, of course, that Gachot cannot waive a challenge to the district court's jurisdiction over a crime to which he actually pleaded. See United States v. Broce, 488 U.S. 563, 569 (1989). Thus, although Gachot does not present arguments regarding § 1955, we remain mindful of our "oblig[ation] to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977). We have no such doubt. Section 1955 is a nationally applicable federal criminal statute predicated on the Commerce Clause, see United States v. Boyd, 149 F.3d 1062, 1065-66 (10th Cir. 1998), and, unlike the ICCA, it contains no exceptions related to crimes committed in Indian Country.

Because the "[ICCA] and its exceptions do not extend or restrict the application of general federal criminal statutes to Indian reservations," Gachot's arguments regarding the ICCA, even if valid, have no bearing on the jurisdiction of a federal court under § 1955. United States v. Drapeau, 414 F.3d 869, 878 (8th Cir. 2005); see also United States v. Mitchell, 502 F.3d 931 (9th Cir. 2007) ("[B]y virtue of decisional law, federal court jurisdiction extends to intra-Indian violations of federal criminal laws of general, nationwide applicability."); United States v. Barquin, 799 F.2d 619, 621 (10th Cir. 1986) (accepting that "tribal members are subject to general federal criminal statutes unless a particular Indian right or policy is infringed by enforcement of the law"); United States v. Burns, 725 F. Supp. 116, 121 (N.D.N.Y. 1989) (section 1955 applies to Indian

reservations "of [its] own accord"); <u>United States  v. Menominee Indian Tribe of Wis.</u>, 694 F. Supp. 1373, 1375 (E.D. Wis. 1988) (section 1955 applies to Indian Country even though it incorporates state law by reference).

**AFFIRMED**.