**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERNEST BRIAN TUCKER

    Defendant - Appellant.

No. 15-2203
(D.C. Nos. 1:15-CV-00804-JCH-SCY
and 1:12-CR-00712-JCH-1)
(D. N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY***

---

Before **BRISCOE, GORSUCH** and **McHUGH**, Circuit Judges.

---

Ernest Brian Tucker,[1] pro se, seeks to appeal the district court's denial of a

post-conviction motion to dismiss his indictment, which the district court

construed as a motion vacate, set aside, or correct his sentence under 28 U.S.C.

§ 2255.

On March 5, 2013, Tucker was convicted in federal court pursuant to a plea

agreement and sentenced to 97 months' imprisonment. He did not directly appeal

---

* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

[1] Tucker is currently incarcerated in a federal correctional facility.

his conviction or sentence.[2]  In September 2015, Tucker filed a document entitled

"Motion to Dismiss Indictment and Judgment Pursuant to FRCrimP 60(b)4 [sic]

and Memorandum of Law in Support Thereof."[3]  ROA at 3–55.  In this filing,

Tucker asks the district court "to dismiss the indictment and judgment with

prejudice and issue a declaration that [he] is actually innocent as a matter of law."

ROA at 54.  As grounds for dismissal, Tucker seems to argue generally that any

indictment by a grand jury is unconstitutional.  The district court did not reach the

merits of Tucker's argument because it construed his filing as an untimely 28

U.S.C. § 2255 motion.

Tucker seeks to appeal the district court's order, and we construe his

appellate filing, styled as his opening brief, as also requesting a Certificate of

Appealability (COA).  See Pet. for App. at 1; 28 U.S.C. § 2253(c) ("Unless a

circuit justice or judge issues a [COA], an appeal may not be taken to the court of

appeals from . . . the final order in a proceeding under [§] 2255.").  We may grant

a COA only if Tucker has made "a substantial showing of the denial of a

constitutional right," as required by 28 U.S.C. § 2253(c), and that "reasonable

jurists could debate whether (or, for that matter agree that) the petition should

---

[2] Tucker waived certain appeal and post-conviction rights in his plea agreement.  Plea Agreement as to Ernest Brian Tucker at 13–14, United States v. Tucker, No. 1:12-cr-007212-JCH-1, Docket No. 53 (D. N.M. Nov. 8, 2012).

[3] Although the title cites to Fed. R. Crim. P. 60(b)(4), it is clear that Tucker intended to rely on Fed. R. Civ. P. 60(b)(4) because *criminal* Rule 60 relates to victim's rights at trial whereas *civil* Rule 60 provides for relief from judgment.

2

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In considering whether a COA is appropriate, "[w]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000) (quoting United States v. Pearce, 146 F.3d 771, 774 (10th Cir.1998)). Under § 2255, the district court is required to conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that prisoner is entitled to no relief." Id.

First, the district court properly construed Tucker's motion as a § 2255 motion, and Tucker does not take issue with this recharacterization.[4] See Pet. for App. at 1–2; see also In re Cline, 531 F.3d 1249, 1253 (10th Cir. 2008) ("A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

---

[4] We note, however, that this motion should not be considered Tucker's initial § 2255 motion for purposes of determining whether future motions are "second or successive" because it appears the district court did not notify Tucker of its intent to recharacterize it. Castro v. United States, 540 U.S. 375, 383 (2003) ("[T]he district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions.").

3

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." (quoting United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006))).  A Rule 60(b) motion is properly recharacterized as a § 2255 motion if it "asserts or reasserts a substantive challenge to the validity of the conviction or sentence."  Id. (citing Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)).  The substance of Tucker's filing below is a challenge that his conviction was based upon an unconstitutional grand jury indictment—an argument falling squarely within § 2255.

Second, the district court properly determined that Tucker's § 2255 motion was time-barred, and Tucker does not argue otherwise.  Section 2255 contains the following statute of limitations:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed . . . ; (3) the date on which the right asserted was initially recognized by the Supreme Court . . .; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Nothing in the record indicates that the last three of these accrual date options could apply here, so Tucker's accrual date is the date on which his conviction became final, meaning the expiration of the fourteen-day period during which Tucker could have, but did not, file an appeal.  Fed. R. App. P. 4(b)(1)(A).  Tucker filed his motion on September 10, 2015, approximately one

4

year and six months after his conviction was final. The district court therefore correctly denied Tucker's motion as untimely.

In his Petition for Appeal, Tucker reiterates general statements that "no valid indictment or conviction exists" and "[t]he indictment must be dismissed," presumably because of perceived constitutional errors in the grand jury process. Pet. for App. at 1. Tucker claims that "[t]he prosecutor is holding all grand jury records," in violation of Supreme Court precedent, id. at 2, but there is no indication in the proceedings below that Tucker ever requested grand jury records, or that he would be entitled to any. Thus, even if his filing were timely, and even construing Tucker's filings liberally, as we must, we can discern no "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c).

Tucker's request for a COA is DENIED, and this matter DISMISSED. Tucker's request to proceed in forma pauperis is GRANTED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5