**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL TALON BARNES,

Defendant - Appellant.

No. 20-7073
(D.C. No. 6:18-CR-00063-RAW-1)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Defendant-Appellant Michael Talon Barnes, a federal inmate appearing pro se,

seeks a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C.

§ 2255 motion.  In 2018, Mr. Barnes pled guilty to possession of a firearm in

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  The

district court sentenced him to 238 months' imprisonment.

On August 24, 2020, Mr. Barnes filed a pro se motion arguing that his

conviction is void for a lack of jurisdiction in light of the Supreme Court's decision

in McGirt v. Oklahoma, 140 S. Ct. 2452 (2020).  The district court recharacterized

_____

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

this as a § 2255 motion, concluded that Native Americans are not exempt from generally applicable laws like § 924(c), and denied the motion. R. 50–51. Mr. Barnes appealed. R. 53–54, 59. After an initial review, we directed a limited remand so the district court could rule on a COA, United States v. Barnes, No. 20-7073 (10th Cir. Feb. 11, 2021), which the district court denied, United States v. Barnes, No. CR-18-063-RAW (E.D. Okla. Feb. 18, 2021). Thereafter, Mr. Barnes filed his combined opening brief and application for a COA, which we now consider.

To obtain a COA, Mr. Barnes must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court rejected Mr. Barnes' arguments on the merits, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). We do not think a reasonable jurist would disagree that § 924(c) is a general federal criminal law that applies to Native Americans on tribal lands just as it would apply to anyone nationwide. United States v. Carpenter, 163 F. App'x 707, 709–10 (10th Cir. 2006); cf. United States v. Gachot, 512 F.3d 1252, 1254 (10th Cir. 2008). Furthermore, McGirt did not address this issue but rather considered whether specific land in Oklahoma was "Indian country" under the Major Crimes Act ("MCA"), 18 U.S.C. § 1153. See 140 S. Ct. at 2459–60. The MCA — and therefore McGirt's holding — are not relevant to general federal criminal statutes like § 924(c) and would not invalidate Mr. Barnes' conviction. See Gachot, 512 F.3d at 1254.

2

Instead of addressing <u>McGirt</u> or the district court's ruling on the merits, Mr. Barnes argues that the district court erred by not providing proper notice when it construed his motion as a § 2255 motion. Mr. Barnes is correct that when a district court recharacterizes a pro se litigant's motion as a § 2255 motion, it must notify the litigant of potential consequences and provide an opportunity for the litigant to withdraw or amend the motion. <u>See</u> <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003). It appears the district court did not provide Mr. Barnes with notice or an opportunity to withdraw or amend. Therefore, the district court's denial of the recharacterized § 2255 motion should not count against Mr. Barnes for the purpose of applying restrictions against "second or successive" § 2255 motions. <u>Id.</u>; <u>see</u> <u>United States v. Tucker</u>, 642 F. App'x 926, 927 n.4 (10th Cir. 2016).

We DENY a COA, GRANT Mr. Barnes' motion to proceed IFP, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge